FILED_____ ENTERED
IN THE UNITED STATES DISTRICT COURT _____ LODGED_____ RECEIVED
         FOR THE DISTRICT OF MARYLAND
                                                                      APR 3 0 2018
                                                                      AT BALTIMORE
                                                                 CLERK U.S. DISTRICT COURT
                                                                  DISTRICT OF MARYLAND
                                                              BY                    DEPUTY

| | | |
|---|---|---|
| JEROME WANT, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RDB-17-01582 |
| RMC INVESTMENTS, LLC, *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

On June 9, 2017, Plaintiff Jerome Want ("Plaintiff" or "Want") filed a *pro se* Complaint against Defendants RMC Investments, LLC ("RMC"), Arthur Schneider, and Margaret Kline (collectively, "Defendants") stemming from Want's landlord-tenant relationship with RMC. (ECF No. 1.) Subsequently on August 10, 2017, Plaintiff filed a Stipulation of Dismissal with Prejudice, which this Court granted on August 14, 2017. (ECF Nos. 14, 15.) Four months later, on October 16, 2017, Plaintiff filed the pending Motion to Reopen his case, which this Court liberally construes as a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b).[1] (ECF No. 16.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, Plaintiff's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 16) is DENIED.

---

[1] "Pro se complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers." *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 Fed App'x 141, 2017 WL 4415771, at *1 (4th Cir. Oct. 5, 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007)).

1

Federal Rule of Civil Procedure 60(b) grants courts the authority to relieve a party from a final judgment or order for five enumerated reasons or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). In *Fairfax Countywide Citizens Ass'n v. Fairfax County, Va.*, 571 F.2d 1299, 1303-04 (4th Cir. 1978), the United States Court of Appeals for the Fourth Circuit held that "upon repudiation of a settlement agreement which had terminated litigation pending before it, a district court has the authority under Rule 60(b)(6) to vacate its prior dismissal order and restore the case to its docket." Notably, though, Rule 60 only gives a district court the power to reinstate the case prior to the settlement agreement, not to convert the action to one for breach of contract. *Trustees of Painters' Trust Fund of Washington, D.C. and Vicinity v. Clabbers*, No. DKC-02-4063, 2010 WL 2732241 (D. Md. July 9, 2010). Further, only "extraordinary circumstances," will suffice to invoke the catchall provision of Rule 60(b). *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194 (1988)).

Plaintiff's Motion stems from a lease he entered into with RMC on August 16, 2016, for 1113A Corbett St., Hagerstown, MD. (General Release Agreement, ECF No. 17-1.) The lease was for a one-year period beginning September 1, 2016 and ending September 1, 2017. (*Id.*) Allegedly in response to filing complaints with the Washington County Department of Permits and Inspections, Plaintiff was told by RMC's attorney that he would not be permitted to continue his tenancy after his one-year lease expired. (ECF No. 6 at 2-3.) Subsequently, nine months after he first moved into the property, he filed suit in this Court alleging that Margaret Kline failed to timely make repairs before Plaintiff moved in, retaliated against him for filing complaints with county and state agencies, and various other claims

stemming from being told that he would not be able to renew his lease. After Defendants filed a Motion to Dismiss, Plaintiff filed a Stipulation of Dismissal With Prejudice, which this Court granted. (ECF Nos. 14, 15.)

In response to Plaintiff's instant Motion, the parties provided the General Release Agreement that prompted Plaintiff's Stipulation of Dismissal. (ECF No. 17-1.) In pertinent part, it states:

> In consideration for the Full and Final Settlement, Release, Discharge of the aforesaid lawsuit RMC Investment, LLC, agrees that it shall extend the aforstated [sic] Lease Agreement for a period of two (2) additional months from the end of the term. The extension term of the lease shall end on October 31, 2017. The tenancy shall end no later than October 31, 2017. . . .

Plaintiff seeks to reopen this case only as to Defendants RMC and Margaret Kline. (ECF No. 16.) He claims that RMC and Kline had "intentionally violated the agreement between the parties" by (1) not providing a reference for Plaintiff to a potential new landlord, (2) breaking an agreement that Kline "would not become involved with Mr. Want," and (3) failing to allow Plaintiff to stay on his property for an "indeterminate period."[2]

Plaintiff demonstrates no extraordinary circumstances justifying a vacatur of this Court's prior order dismissing his case. The only term between the parties in the General Release is that the lease would be extended two months, from August 31, 2017 to October 31, 2017. Plaintiff has not asserted that Defendants failed to abide by this condition. Further, to the extent that Plaintiff contends the three above assertions were a part of the settlement agreement and Defendants have failed to uphold their contractual obligations, he may seek

---

[2] Unrelated to the settlement agreement, Plaintiff asserts that Defendants have violated Section 8-208.1 of the Maryland Real Property Code that prohibits, in part, a landlord from taking various actions in response to a tenant's good faith complaint about an alleged violation of a lease or law.

relief via a new suit. *See Trustees of Painters' Trust Fund of Washington, D.C. and Vicinity v. Clabbers*, No. DKC-02-4063, 2010 WL 2732241 at *6 (D. Md. July 9, 2010) ("Here, the court similarly finds that Plaintiffs have failed to demonstrate extraordinary circumstances justifying vacatur of the prior order dismissing the case, particularly where they may seek relief via a new law suit.").

Accordingly, IT IS HEREBY ORDERED this 30th day of April, 2018, that Plaintiff's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 16) is DENIED. The Clerk of this Court SHALL TRANSMIT a copy of this Memorandum Order to Counsel of record and to the *pro se* Plaintiff.

／s／ Richard D. Bennett

Richard D. Bennett
United States District Judge